UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 24.23.185.139,<br><br>    Defendant. | Case No.  5:24-cv-06782-EJD<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. No. 8 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed this action against an unknown individual (the "Doe Defendant") who allegedly used BitTorrent to illegally download and distribute Strike 3's copyrighted adult films. Compl., ECF No. 1. Strike 3 now seeks a subpoena to compel non-party Comcast Cable Communications, LLC ("Comcast Cable") to identify this unknown individual associated with the IP address 24.23.185.139. Ex Parte Appl. for Leave to Serve a Third-Party Subpoena ("Appl."), ECF No. 8.

Based on Strike 3's submissions, the Court **GRANTS** leave to serve a subpoena with specific conditions provided below. Because many courts have raised concerns that Strike 3 could be pursuing potentially innocent ISP account owners who are often embarrassed into early settlements, the identity of the Doe Defendant **SHALL** be protected unless and until further order by the Court.

I.  **BACKGROUND**

Strike 3 owns the copyrights for several adult motion pictures that are associated with and distributed through various adult websites. Compl. ¶¶ 1–3. Using a specialized infringement detection system it developed, Strike 3 discovered the IP address of the Doe Defendant who

1  allegedly infringed upon its copyrights. *Id.* ¶¶ 28–29. Specifically, the Complaint alleges that the
2  Doe Defendant used BitTorrent's file network to illegally download and distribute twenty-four of
3  Strike 3's copyrighted material. *Id.* ¶¶ 29, 38; *see also id.*, Ex. A.
4        On September 26, 2024, Strike 3 filed the Complaint in this case, asserting one claim of
5  direct copyright infringement and seeking an injunction and statutory damages. *Id.* ¶¶ 48–53.

## II. LEGAL STANDARD

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" to warrant early discovery. *See, e.g.*, *IO Grp., Inc. v. Does 1–65*, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

In evaluating whether a plaintiff establishes good cause to learn the identity of an unknown defendant through early discovery, courts examine whether the plaintiff:

(1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court;

(2) recounts the steps taken to locate and identify the defendant;

(3) demonstrates that the action can withstand a motion to dismiss; and

(4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process.

*Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (citations omitted).

"[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163

(9th Cir. 1999).

## III. DISCUSSION

### A. Strike 3's Litigation History

As this Court has done in its prior orders, before turning to the merits of the application, the Court believes that an overview of Strike 3's litigation history would provide useful context for the Doe Defendant or any other party who may receive this Order. *See Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 73.231.214.39*, No. 5:23-CV-05468-EJD, 2023 WL 8458262, at *1 (N.D. Cal. Nov. 27, 2023). Especially given the informational disparity and matrix of undesirable options facing an ISP subscriber served with such a complaint, this context will hopefully reduce the prejudice that individual may face.

Strike 3 has filed thousands of similar lawsuits and requests to subpoena subscriber information from ISPs, such as Comcast Cable. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 23-CV-04339-RS, 2023 WL 6542326, at *2 (N.D. Cal. Sept. 22, 2023) (collecting cases). At least one federal judge has also openly characterized Strike 3 as a "copyright troll" that uses its "swarms of lawyers [to] hound people who allegedly watch their content through BitTorrent." *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161–62 (D.D.C. 2018) (describing the copyright troll's strategy as "file a deluge of complaints; ask the court to compel disclosure of the account holders; settle as many claims as possible; abandon the rest"), *rev'd and remanded*, 964 F.3d 1203 (D.C. Cir. 2020).

In practice, once subscribers are alerted that they are being sued for uploading pornography, they may be pressured to quickly settle the matter to avoid the risk of having their names publicly associated with the lawsuit or to avoid the costs of hiring an expensive copyright legal specialist. *See Strike 3 Holdings, LLC*, 2023 WL 6542326, at *2; *see also Strike 3 Holdings*, 351 F. Supp. 3d at 162 ("[O]nce the ISP outs the subscriber, permitting them to be served as the defendant, any future Google search of their name will turn-up associations with the websites *Vixen*, *Blacked*, *Tushy*, and *Blacked Raw*."). As a result, many innocent ISP subscribers would be pressured to settle, even though several courts have observed that "ISP subscribers may not be the

Case No.: 5:24-cv-06782-EJD
ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA
3

individuals who infringed upon Strike 3's copyright." *Strike 3 Holdings, LLC v. Doe*, No. 3:23-CV-01977-LB, 2023 WL 4003723, at *3 (N.D. Cal. May 9, 2023) (collecting cases); *see also Strike 3 Holdings*, 351 F. Supp. 3d at 162 ("[I]nferring the person who pays the cable bill illegally downloaded a specific file is even less trustworthy than inferring they watched a specific TV show."). Moreover, if a defendant moves to confront a "copyright troll" or exhibits any serious resistance, the company can simply drop the case and avoid any unfavorable judicial rulings. *See Strike 3 Holdings*, 351 F. Supp. 3d at 162 ("These serial litigants drop cases at the first sign of resistance, preying on low-hanging fruit and staying one step ahead of any coordinated defense.").

### B. Good Cause

Turning to the merits of Strike 3's *ex parte* application, the Court finds that Strike 3 has demonstrated good cause for this early discovery under the four *seescandy.com* factors.

First, the Court finds that Strike 3 has identified the Doe Defendant with sufficient specificity for the Court to determine that the Doe Defendant is a real person who may be sued in federal court. The Complaint alleges that BitTorrent's protocols require the activity of a human user to share movies within the BitTorrent network. Compl. ¶¶ 18–27. Strike 3 also used Maxmind geolocation technology to trace the IP address it procured through its VXN Scan detection software to a geographic location within this district. *Id.* ¶ 9.

Second, Strike 3 has recounted the steps it took to locate and identify the Doe Defendant. In addition to the geolocation and infringement detection technology already described, Strike 3 has attempted to associate the IP address with a defendant individual using various web search tools and consultations with computer investigators and cyber security consultants. Appl. 10.

Third, Strike 3 has preliminarily demonstrated that its action can withstand a motion to dismiss. "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007). A copyright holder's rights under 17 U.S.C. § 106 include the exclusive rights to

1    reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted

2    work. 17 U.S.C. § 106. Here, Strike 3 alleges that it owns the copyrights to adult movies that the

3    Doe Defendant downloaded, copied, and distributed without permission. Compl. ¶¶ 2, 4, 29, 44.

4    Accepting these allegations as true, the Court finds that the Complaint may withstand a motion to

5    dismiss.

6          Finally, Strike 3 has shown that the discovery it seeks is reasonably likely to lead to

7    identifying information that will permit service of process on the Doe Defendant. Specifically,

8    Strike 3 only seeks the name and address of the Doe Defendant and has represented that the "only

9    entity that can correlate the IP address to its subscriber and identify Defendant as the person

10   assigned the IP address is Defendant's ISP." Appl. 6 (citing *BMG Rts. Mgmt. (US) LLC v. Cox

11   Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018) ("[O]nly the ISP can match the IP address to

12   the subscriber's identity.")).

13         In sum, the Court finds that Strike 3 has satisfied all four *seescandy.com* factors and

14   presented good cause for its requested expedited discovery.

15   **C.    Protective Order**

16         Even though Strike 3 is entitled to a pre-discovery subpoena, the Court retains authority

17   under Federal Rule of Civil Procedure 26(c) to grant a *sua sponte* protective order for good cause.

18   *See, e.g.*, *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); Fed. R. Civ. P. 26(c).

19   In this case, the Court finds that there is good cause to implement limited protective measures to

20   shield a potential innocent and unwitting ISP subscriber from undue prejudice. Strike 3 does not

21   oppose establishing procedural safeguards to respect privacy interests. Appl. 12–13.

22         Consistent with the protective measures undertaken by many other courts in this district,

23   the Court will employ procedures to treat as confidential any personal information regarding the

24   Doe Defendant that Comcast Cable produces to Strike 3. The Court will also permit and consider

25   any request by the Doe Defendant to proceed anonymously under a pseudonym.

26   **IV.    CONCLUSION**

27         Based on the foregoing, the Court **GRANTS** Strike 3's Ex Parte Application with respect

28   Case No.: 5:24-cv-06782-EJD
ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA

United States District Court
Northern District of California

to Defendant Doe, Subscriber Assigned IP Address 73.70.126.123, as follows:

1. Strike 3 may serve a Rule 45 subpoena on Comcast Cable ("ISP"), commanding the ISP to provide Strike 3 with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Strike 3 SHALL attach a copy of this Order to any such subpoena.
    a. Strike 3 MAY serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.
    b. If the ISP qualifies as a "cable operator" per 47 U.S.C. § 522(5), then it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to Defendant.
2. Within thirty (30) days of being served by Strike 3, the ISP SHALL serve the Doe Defendant subscriber assigned the IP address 73.70.126.123 with a copy of the subpoena and this Order.
3. Within thirty (30) days after he or she has been served with the subpoena and this Order, the Doe Defendant MAY file a motion to contest the subpoena, including a motion to quash or modify the subpoena. **The Doe Defendant MAY appear and proceed before this Court under a pseudonym by requesting that their personal identifying information be filed under seal**.
    a. If the Doe Defendant does not contest the subpoena within thirty days, the ISP may produce the information responsive to Strike 3's subpoena within ten (10) days.
4. Strike 3 may only use the information disclosed in response to its subpoena for the purpose of protecting and enforcing its rights as set forth in the Complaint. Strike 3 MAY NOT publicly disclose the information obtained from its subpoena without leave of this Court. All references to the Doe Defendant's identity SHALL be redacted and filed under seal until further notice.
5. Comcast Cable or any other ISP that receives a subpoena pursuant to this Order

Case No.: 5:24-cv-06782-EJD
ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA
6

SHALL confer with Strike 3 and MAY NOT assess any charge in advance of providing the information requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost reports that serve as a basis for the billing summary and costs claimed by the ISP.

6. Comcast Cable or any other ISP that receives a subpoena pursuant to this Order SHALL preserve any subpoenaed information pending the resolution of any timely filed motion to dismiss.

**IT IS SO ORDERED.**

Dated: October 23, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-06782-EJD
ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA
7